[No. 2,114.]

## MORRIS LOCKE AND WILLIAM M. MONTAGUE v. THE PORTER GOLD AND SILVER MINING COMPANY, N. D. RIDEOUT, WILLIAM SMITH, G. W. PRESCOTT, C. W. SCHEIDEL, AND GEORGE C. PERKINS.

RECEIPT OF A PERSON NOT A PARTY AS EVIDENCE.—If A. executes a mortgage to B., to secure some of A.'s creditors, and B. seeks to enforce the mortgage, and a contest arises between him and other creditors of A., who claim that the mortgage is fraudulent, B. may, for the purpose of showing that one of the persons, for whose benefit the mortgage was given, paid money to a third person for A.'s benefit, introduce in evidence the receipt from such third person to the one paying the money. The fact that A. owed the person to whom the money was paid must, however, be shown by other evidence.

APPEAL from the District Court of the Second Judicial District, Butte County.

The Court below gave judgment in favor of the attaching creditors, and the plaintiffs appealed.

The other facts are stated in the opinion.

*George Rowe* and *F. L. Hatch*, for Appellants.

*Charles E. Filkins*, for Respondents.

By the Court, WALLACE, J.:

The controversy is between the creditors of the company; and the principal question made is as to the validity of a note for thirteen thousand dollars, given by the company to

Locke & Montague, with a mortgage upon the company's property to secure its payment, and which they seek to foreclose in this action. The other creditors, who levied attachments upon the mortgaged property subsequently to the recordation of the mortgage, allege, and gave evidence tending to show, that the thirteen thousand dollar debt was fictitious.

Locke & Montague do not claim that the company was indebted to them in that sum; but it is claimed that the note and mortgage were executed to them to secure sundry creditors of the company in the payment of divers sums, alleged to be severally owing to them; and, among others, the claim of one J. W. Moore (deceased since the making of the mortgage) for three thousand dollars.

To show that the claim of Moore was actual and bona fide, Locke & Montague offered the genuine receipt of Prescott & Scheidel, foundrymen of Marysville, acknowledging the payment to them by Moore of the sum of five hundred dollars for certain machinery, furnished and paid for by Moore for the benefit of the company, and used in the construction of the company's mill. The receipt was objected to as "irrelevant, and not the best evidence the nature of the case would admit of." The Court sustained the objection, and the plaintiffs excepted.

In *Prather* v. *Johnson*, 3 Harris & Johns., 490, the Court of Appeals of Maryland say: "If A., as surety for B., pays a debt due to C., on the proof of the payment, A. could recover of B. He could recover on C.'s saying A. had paid; and, of course, if C. wrote that A. had paid, surely it is evidence whether the writing was in a book or letter." This decision of the Court of Appeals was lately cited and approved by the Supreme Court of the United States. (3 Wallace R. 149.)

In *Holladay* v. *Littlepage*, 2 Munf., 306, the Supreme Court of Appeals of Virginia held that in an action of as-

sumpsit, in which the plaintiff sought to recover for passage money paid by him for the testator of the defendant, upon the voyage of the testator to Europe, the statements of the Captain of the ship, made to a third party, in which he admitted that the plaintiff had advanced the passage money for the testator, was admissible. The District Court had admitted the evidence, on the ground that the Captain was dead; but the Court of Appeals said "the acknowledgment" (of the Captain of the ship) "having been made at or about the time of the said testator's sailing for Europe; and being the admissions of those who were competent to charge themselves with the receipt of the passage money, by an ordinary receipt or acquittance, the Court is of opinion that the said testimony, on these grounds, and not on that assigned by the Court below, was properly received by that Court." (See, also, *Sherman* v. *Crosby*, 11 Johns. 70.) We think the receipt was prima facie evidence that Moore did make the payment in question—of course the fact of the indebtedness of the company to Prescott & Scheidel must be shown by other evidence than the receipt.

As, for this error, the case must go back for a new trial, it will be unnecessary to express an opinion upon the questions of practice presented, since upon the new trial they will not probably arise.

Judgment reversed, and cause remanded for a new trial.