[S. F. No. 8398. In Bank.—October 9, 1919.]

## M. HONORE, Appellant, v. HANS LEMM et al., Respondents.

[1] VENDOR AND VENDEE—SPECIFIC PERFORMANCE—NOTE AS PART PAYMENT—RECEIPT—PAROL EVIDENCE.—In an action by a vendee for specific performance of a contract of sale, where the only question is whether the vendee has paid a certain amount upon the price in addition to the amount conceded by the vendor to have been paid, the testimony of the vendor that the note given him for such amount is not received in payment, but merely as security, is admissible, notwithstanding the giving of a receipt for the amount represented by the note, which receipt is now claimed to constitute the contract of sale, where the terms of the contract are admitted by the pleadings, and from the admitted terms of the contract it does not appear that the note was given or received in payment, or that the money has been paid, and the receipt is not

offered or received in evidence as proof of the terms of the contract, but merely as evidence of payment.

[2] ID.—RECEIPT—INSUFFICIENT CONTRACT OF SALE.—A receipt is insufficient to establish a contract for the purchase and sale of a lot where the description was not contained therein, but was subsequently inserted by the vendee in the absence of the vendor.

APPEAL from a judgment of the Superior Court of San Mateo County.   Geo. H. Buck, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Stafford & Stafford, H. I. Stafford, W. F. Stafford and Wm. M. Stafford for Appellant.

Drown, Leicester & Drown for Respondents.

WILBUR, J.—This is an action for specific performance brought by the vendee against the vendor.   The contract is admitted, and the only question is whether the vendee has paid five hundred dollars upon the purchase price in addition to the amount conceded by the vendor to have been paid. The trial court held that the payment had not been made and gave judgment foreclosing the right of the vendee, unless within thirty days from the date of the decree he paid such five hundred dollars in addition to other amounts conceded to be due.   Plaintiff appeals.   The complaint stated and the answer admitted the terms of the contract between the parties. The finding of the court is in accordance with such admission, to wit: That on or about August 22, 1913, the parties entered into an agreement or contract whereby the defendant agreed to sell to the plaintiff the land described in the complaint for the sum of nine hundred dollars; that the sum of one hundred dollars was paid on said date, and that no time was agreed upon for the payment of the balance of the purchase price. Plaintiff alleged that on or about April 6, 1914, he paid the defendant the sum of five hundred dollars as part payment on the purchase price of the lot, leaving a balance of three hundred dollars due on account thereof.   Upon the trial plaintiff offered two receipts, one dated August 22, 1913, as follows:

"Received from M. Honore the sum of $100 in cash and a note for $500 payable February 1st, 1914, as part payment

on two lots, Nos. 35 and 36 in Block 26, 3rd addition, San Bruno, San Mateo County, Cal., and for which he agrees to pay $900 and I agree to then furnish him with a clear title to said lots.

"(Signed) HANS LEMM."

The other, dated January 6, 1914, read as follows:

"Received from Mrs. Anna Honore the sum of $500.00 (five hundred dollars), as part payment on lots Nos. 35 and 36, Blk. 26, Mastick Avenue, 3rd Addition, San Bruno, Cal., leaving a balance of $300.00 yet to be paid on said lots.

"(Signed) HANS LEMM."

With relation to the receipt of August 22, 1913, it appears from the evidence that on that date the vendee delivered to the vendor a note for five hundred dollars, due February 1, 1914, signed by one Wolff. The vendor, however, testifies that this note was not received in payment of the said sum of five hundred dollars, but merely as security. To a consideration of this testimony the vendee objects on the ground that the receipt was the contract of purchase and that therein it was agreed that the note should be accepted as payment to the extent of five hundred dollars, and that to receive evidence to the contrary is to vary the terms of the written contract between the parties. [1] This objection is not well taken, for the reason that the contract between the parties and the terms thereof were admitted in the pleadings, and there is no allegation that by the terms of the contract the note in question was given or received in payment, or that the amount of five hundred dollars was then thereby or otherwise paid. On the contrary, it is specifically alleged that the sum of five hundred dollars was paid in April, 1914. The receipt in question was not offered or received in evidence as proof of the terms of the contract between the parties, but was offered and received without objection as evidence of payment. Moreover, plaintiff testified that at the time the defendant signed the receipt in question the above description of the property was not contained therein, but was subsequently inserted therein by the plaintiff in defendant's absence. [2] In such case it would be insufficient, in any event, to establish a contract for the purchase and sale of the lot in question. It was proper, therefore, to receive defendant's evidence to overcome the claim that the five hundred

dollars was paid by said note. The defendant testified that the note for five hundred dollars signed by Wolff, received as security, was retained by him until January 6, 1914, when he surrendered the note to plaintiff at plaintiff's request. Wolff and the plaintiff were partners doing business under the name of the North Star Iron Works. The defendant Lemm was an employee of the firm. The business had been established by the plaintiff for many years and Wolff had recently purchased a half interest therein, and in payment thereof had given plaintiff $450, a promissory note for six hundred dollars and the five hundred dollar note above referred to, as evidence of the indebtedness due from him to the plaintiff on account of said purchase price. The business was apparently regarded of the value of three thousand dollars, and the interest of each partner as one thousand five hundred dollars. Under these circumstances plaintiff and defendant and Wolff agreed that defendant for one thousand dollars should have a third interest in the copartnership. Defendant Hans Lemm was to pay five hundred dollars in cash and Honore agreed to pay the other five hundred dollars. Upon the faith of plaintiff's promise the defendant claims that he executed the receipt for five hundred dollars dated January 6, 1914, acknowledging the receipt of five hundred dollars on account of the purchase price of the lots in question. The defendant claims that the five hundred dollars was never paid, while the plaintiff claims that it was paid in the following manner, to wit: He arranged with Wolff to reduce Wolff's interest in the partnership from one thousand five hundred dollars to one thousand dollars, and in consideration of such agreement returned to Wolff the note for five hundred dollars, thus canceling the indebtedness due from Wolff to himself; that in pursuance of the agreement between plaintiff and defendant entries were made upon the books of the copartnership showing that each partner had paid in one thousand dollars; that the defendant thus secured exactly what he bargained for, namely, a third interest in the copartnership, for which he gave plaintiff a five hundred dollar credit on account of the purchase price of the lots and paid five hundred dollars in cash into the copartnership. The evidence as to the agreement between the plaintiff and defendant concerning the partnership arrangement is, however, conflicting, for Wolff and Lemm, and indeed the plaintiff himself at one point testified that the one

thousand dollars was to be paid into the copartnership, five hundred dollars by Lemm and five hundred dollars by plaintiff, as a part of the capital, and the evidence is all to the effect that the five hundred dollars to be paid into the copartnership by the plaintiff, on behalf of the defendant, never was so paid, unless the surrender of the note in question was such payment. Wolff left the partnership on April 27, 1914, and the defendant May 28, 1914, apparently without any settlement of partnership affairs. It also appears that the Wolff note for six hundred dollars was returned to him before the Lemm copartnership arrangement because of his complaint that the copartnership was indebted for one thousand six hundred dollars above the amount communicated to him when he purchased, thus apparently leaving Wolff's investment in the copartnership $450. If the agreement was as contended by the defendant, that the one thousand dollars was to be paid into the business in cash and that after such payment the defendant should have a third interest therein, the defendant thereby retained a third interest in the one thousand dollars, whereas, if five hundred dollars was to be used to pay one of the partners off without augmenting the assets of the copartnership, the defendant retained no interest in such amount There was, then, substantial evidence to the effect that the second five hundred dollar receipt was given in pursuance of a promise of the plaintiff which he did not fulfill. The finding of the trial court must, therefore, be affirmed.

The judgment is affirmed.

Lennon, J., Melvin, J., and Lawlor, J., concurred.

OLNEY, J.—I concur in the result, but I do not agree with what is said in the main opinion as to the writing of August 22, 1913, being a receipt merely, with the result that evidence was permissible to show that the Wolff note was taken by the defendant as security instead of in payment as specified in the writing. The writing was more than a receipt. It was intended by the parties as the written expression of their understanding. Its terms must, therefore, be taken as final as to what their understanding was. The question of whether the Wolff note was taken as security or in payment is one as to what was understood between the parties, and inasmuch

as the written expression of this understanding says it was taken in payment, that ends the matter.

This conclusion, however, does not change the result. The Wolff note was taken in payment either conditionally or absolutely. The presumption is it was taken in conditional payment (*Griffith* v. *Grogan*, 12 Cal. 317), and the subsequent conduct of the parties leaves no doubt as to this being the fact. The final and crucial question in the case is as to whether the note was paid as a result of the subsequent transaction whereby Lemm endeavored to buy into the partnership with the plaintiff and Wolff. It appears that Lemm was to pay not to the plaintiff, but into the capital of the firm, one thousand dollars, of which five hundred dollars was to be paid by the payment of the Wolff note to the firm. On this understanding Lemm redelivered the note to the plaintiff. But the note was never paid and the partnership came to nothing. There was, therefore, a complete failure of the consideration for which Lemm gave up the note, and he has not, in fact, received anything of value on account of the five hundred dollars which constituted the part of the purchase price represented by the note. This being the situation, the plaintiff must pay this five hundred dollars before he is entitled to a deed under his contract of purchase.

Shaw, J., concurred.