[Civ. No. 322. Fourth Appellate District.—April 3, 1931.]

A. CENTONI et al., Respondents, v. H. A. INGALLS et al., Defendants; CARL INGALLS, Appellant.

M. G. Brittan for Appellant.

No appearance for Respondents.

JENNINGS, J.—The defendants in this action were the owners of a plant in the city of Bakersfield at which clay was received, stored and distributed. This plant was located on a spur from the tracks of the Santa Fe Railway Company in what was designated as a part of the industrial district of the city. The plaintiffs were property owners living upon their properties in the neighborhood of the defendants' plant. Some of their residences were on the inside of the so-called industrial district and some were outside in what was called a residential district. The plant was on property leased from the railroad company.

The clay, commonly called rotary mud by oil drillers, was obtained from a dry lake in the desert about seventy miles easterly from Bakersfield. It was transported to the plant in railway dump-cars which were unloaded by dumping it into concrete pits constructed under the cars. It was then taken by conveyors into bins where it was stored. The bins were emptied by chutes into trucks and the clay was then hauled to various oil-wells to be used in drilling operations. When the bins were full the surplus clay was piled on the adjoining ground.

The clay was a brownish gray color and when dry disintegrated into a fine powdery substance which when dis-

turbed created a very fine dust which floated in the air very easily.

The plaintiffs in their complaint alleged that during the loading and unloading operations, and in other work which distributed the dry clay, great clouds of dust would arise which were carried by the winds on to their properties and into their homes. They alleged that this dust would spread over the entire neighborhood like a thick fog; that it would settle on their flowers, trees, vines and vegetables, ruining them; that it would enter their houses, damaging their rugs, bedding, clothing, laundry and food.

The trial court found in favor of the plaintiffs and that the operations of the defendants caused these clouds of dust to arise from their plant and invade and damage the real and personal properties of the plaintiffs; that such acts constituted an invasion of the rights of the plaintiffs to the quiet and peaceful enjoyment of their properties. By the judgment rendered the defendants were enjoined from placing the clay in unprotected piles on the ground on their property and from permitting the silt or dust from the clay to emanate, flow or arise from their plant so that it would be blown or carried in or upon the properties of the plaintiffs. From this judgment the defendant Carl Ingalls alone appealed.

Appellant concedes that the evidence before the trial court was sufficient to justify its finding that the dust resulting from the defendants' operation of their plant created a nuisance and interfered with respondents' peaceful and comfortable enjoyment of their various properties and caused damage to each of them. He maintains, however, that the court erred because it failed to find the quantity of dust coming from the defendants' plant and that this dust "was of greater quantity or more injurious to plaintiffs than the ordinary dust from the neighboring properties, or from the streets surrounding the plaintiffs' properties"; and that "if it be conceded that plaintiffs are entitled to some injunctive relief nevertheless the relief granted herein is harsh and oppressive, in this, to-wit: That by restraining the creation of any dust the defendants are, in effect, prevented and enjoined from any operation of their property."

We do not believe that it was incumbent upon the trial court to determine the exact quantity of dust blowing from the defendants' plant to any of the properties of any

of the plaintiffs. The court did find that the dust from the plant was blown on to these properties in such quantities that it caused damage to them and prevented peaceful enjoyment of the same. This finding is amply supported by the evidence of a number of witnesses and is sufficient to support the judgment. ■ A property owner is entitled to the peaceful enjoyment of his property free from an unlawful invasion of his rights of ownership by the act of another. Dust constitutes a nuisance if it "causes perceptible injury to the property, or so pollutes the air as to sensibly impair the enjoyment thereof." (*Tuebner* v. *California Street R. R. Co.*, 66 Cal. 171 [4 Pac. 1162, 1164]; *California Orange Co.* v. *Riverside Portland Cement Co.*, 50 Cal. App. 522 [195 Pac. 694]; *Hulbert* v. *California etc. Co.*, 161 Cal. 239 [38 L. R. A. (N. S.) 436, 118 Pac. 928]; *McIntosh* v. *Brimmer*, 68 Cal. App. 770 [230 Pac. 203].)

A number of the plaintiffs testified that at times the dust from the plant was so thick in their houses that it seriously interfered with their breathing and had a suffocating effect. This was contradicted by a number of witnesses for the defendants, creating a conflict in the evidence which was resolved in favor of the plaintiffs by the trial court. We cannot disturb the findings or judgment merely because of a conflict in the evidence.

■ Appellant's second ground for a reversal of the judgment is based upon his contention that under the terms of the judgment he is unnecessarily prohibited from the operation of the plant. The evidence of appellant himself and of Frank Adams, employed from time to time as a carpenter by appellant in constructing the plant, does not support this contention. These two witnesses testified that the plant could be made air-tight so that it would be dust-proof. This being the case, the judgment will not have the effect claimed by appellant, but will require defendants so to reconstruct their plant that dust will not escape therefrom and cause injury to plaintiffs. Since this can be done the judgment is not unreasonably harsh and will not deprive defendants of the use of their property, since they can obey the mandate of the court by rendering the plant dust-proof.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.