[Civ. No. 13448.    First Dist., Div. Two.    Jan. 27, 1948.]

ERNEST R. MALINSON, Respondent, v. PAUL BLACK, Appellant.

Bergen Van Brunt for Appellant.

McCarthy & Rowell for Respondent.

NOURSE, P. J.—This is an appeal by defendant from a judgment in favor of plaintiff for $1,000 general damages and $850 special damages. The case was tried without a jury. Defendant's motions for nonsuit and for a new trial were denied.

On the morning of November 23, 1945, appellant Paul Black was driving his Packard sedan southerly from San Francisco on Highway 101, a six-lane paved arterial highway, commonly known as El Camino Real, when his car came into collision with a Plymouth coupe operated by respondent

Ernest Malinson, in the (right-angle) intersection of Highway 101 and Ralston Avenue in Belmont. Respondent's car was struck on its left side toward the rear, crushing the left rear fender and denting the running board and left front fender. The impact threw respondent from his car, rendering him unconscious. Appellant's car remained standing practically at the point of impact. There was evidence that the Packard had left very short skid marks.

Respondent had entered the highway driving in an easterly direction on Ralston Avenue, a two-lane paved street running easterly and westerly. There was a "stop" sign posted on Ralston Avenue at its west entrance to El Camino Real. Respondent testified that he stopped at this sign, saw no cars to the right, and observed that the nearest car to his left was about 80 yards north of the intersection, traveling in the middle lane of El Camino Real. He entered the intersection and proceeded across at what he testified he thought was a speed of about 25 miles per hour. A witness who was driving behind respondent testified that he saw appellant's car two or three hundred feet north of the intersection at the time respondent entered it.

It is contended that respondent was guilty of contributory negligence as a matter of law; that his admitted conduct constituted a violation of section 552 of the Vehicle Code which requires that "(a) The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard.".

█ The statute does not require a driver approaching an arterial highway to refrain from crossing until the highway is free from all traffic. It places on him the duty of determining, in the exercise of ordinary care, when a crossing would not "constitute an immediate hazard."

Respondent testified that he came to a complete stop at the boulevard stop sign, surveyed the highway, saw that no cars were approaching from the right, and that the nearest car, presumably appellant's, approaching from the left, was at a distance of approximately 80 yards north of the intersection. Having concluded that he had plenty of time to safely cross the intersection, he proceeded in, looking straight ahead. Respondent may have been mistaken in his judgment of the

distance of appellant's car from him. Or he may have incorrectly estimated the time it would take him to drive his own car from a standing stop past the center line of the highway. Whether such a mistake of judgment constituted negligence was a question of fact. It is only in rare instances that contributory negligence becomes a question of law. (*De Priest v. City of Glendale*, 74 Cal.App.2d 464, 471 [169 P.2d 17].) It can be said here, as was said in *Granath v. Andrus*, 70 Cal. App.2d 99 [160 P.2d 129], "It is apparent that plaintiff misjudged the speed of the truck and was mistaken as to his ability to cross Anaheim Street in front of it with safety. However, every mistake of judgment is not negligence, for mistakes are made even in the exercise of ordinary care."

■ Appellant stresses the admission that respondent did not look again toward appellant's car after he had stopped and observed its distance from him. But we cannot declare such conduct to be negligence as a matter of law. "Where a driver sees an approaching car, whether he acted as a reasonable man in not keeping his eye on that car, is generally a question of fact for the trier of fact." (*Breland v. Traylor Eng. etc. Co.*, 52 Cal.App.2d 415, 422, 423 [126 P.2d 455]; *Lundgren v. Converse*, 34 Cal.App.2d 445 [93 P.2d 819]; *Lee v. Stephens*, 8 Cal.App.2d 650 [47 P.2d 1105].)

■ The evidence on the issue of respondent's negligence herein, being subject to conflicting inferences, it cannot be said that he entered the intersection in violation of section 552 of the Vehicle Code, for whether or not appellant's car constituted an immediate hazard to a reasonably prudent person at that moment was clearly a question of fact. That the accident occurred is not proof that respondent violated section 552. He had almost cleared the center of the highway when his car was struck on the left side toward the rear. The trial judge here presumably concluded that respondent was lawfully crossing the arterial, and that it was appellant's failure to yield the right of way that proximately caused the accident. As was pointed out in *Casselman v. Hartford A. & I. Co.*, 36 Cal.App.2d 700, 708 [98 P.2d 539], and cited with approval in *Glynn v. Vaccari*, 64 Cal.App.2d 718 [149 P.2d 409], many motorists "have the impression that every motorist who attempts to enter a main highway from a side road, does so at his peril. This misconception of the law is a prolific source of accidents. As we have shown, such motorist has very definite rights granted to him by the provisions of the Vehicle

Code, and those users of the main highway who ignore such rights must be prepared to pay the penalty.''

■ Appellant contends that there is no proof of his own negligence, inasmuch as he was proceeding at a legal rate of speed on the highway and when entering the intersection. It is true that there is evidence to establish that appellant was not exceeding the legal speed limit, but proof that one did not violate the speed limit does not establish freedom from negligence. One may observe one rule of the road but violate others. ■ The evidence was in conflict as to the relative positions of appellant and respondent when respondent made his entrance into the intersection. There was evidence from which the trial court could have inferred that appellant was not keeping a proper lookout, since his view of the side road was unobstructed for several feet past the stop sign, and yet he admitted not seeing respondent's car until it started across the arterial. The court could have inferred a failure to act with the care of a reasonably prudent person. We cannot say, therefore, after reviewing the entire record, that there is no substantial evidence to support the inference of negligence on the part of appellant, or that such negligence could not be held to have proximately caused the accident.

■ Appellant argues that the damages in regard to physical injury were not proven, since no medical testimony was offered, and respondent's own testimony on the subject was uncertain and confused. It is not surprising that respondent, a carpenter, did not describe the injuries to his shoulder with the same clarity that would be expected of a physician. Respondent was competent to testify to the fact that his shoulder was injured, that his arm was in a sling for a period of one month, that he was unable to work for about two months, that he still suffered pain at night as a result of the injury. He gave an estimate of the expenses he had incurred for medical care, and appellant complains that the testimony does not clearly show that such expenses were paid, nor whether such amount is the reasonable value of the services. It is well settled that the amount paid is some evidence of reasonable value and in the absence of any showing to the contrary such evidence has been held to be sufficient. Likewise, it would seem that evidence of the expense incurred would be some evidence of reasonable value. (*Dewhirst* v. *Leopold,* 194 Cal. 424, 433 [229 P. 30] ; *Laubscher* v. *Blake,* 7 Cal.App.

2d 376, 383 [46 P.2d 836]; *Caulfield* v. *Market Street Ry. Co.*, 20 Cal.App.2d 220 [66 P.2d 752].) The case of *Fisk* v. *Poplin*, 46 Cal.App. 587, 591 [189 P. 722], cited by appellant is not in point, for in that case the holding was that evidence of the expense incurred was not admissible under an allegation that such expense had been paid.

Appellant also attacks the award of $600 damages allowed for respondent's loss of time as unproved, uncertain, speculative, and excessive. There was evidence that respondent was a carpenter and that current wages in that trade were $12 per day. He was unable to work for approximately two months. The court allowed $600, or 50 days' wages at $12 per day. Appellant contends that such damages are unreasonable in view of the fact that respondent was working on buildings for himself, and that there is no proof he was damaged at all by the delay. Furthermore he has only shown an expenditure of between $300 to $400 for a man to take his place in doing this construction work. There was no error in the method used by the court in computing respondent's damages for loss of earnings. See *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91 [66 P. 72]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 P.2d 513]; *Perry* v. *McLaughlin*, 212 Cal. 1 [297 P. 554]; *Wilcox* v. *Sway*, 69 Cal.App.2d 560, 572 [160 P.2d 154].

As to the award of damages to the car respondent testified that $100 was the cost of repairing the fender and running board, and that $25 was the cost of replacing a wheel and tire. Appellant offered no testimony to contradict these amounts as the reasonable value of necessary repairs. The cost incurred for repairs is some evidence of reasonable value, and in the absence of contradictory testimony, will be held sufficient to support the award. The case of *Le Brun* v. *Richards*, 210 Cal. 308 [291 P. 825, 72 A.L.R. 336], cited by appellant, is not in point. That case held that although the owner of property may, without being qualified as an expert, testify as to his opinion of the value of that which he owns, the rule does not extend to the giving of testimony as to the cost of repairs. However, that holding was made in regard to estimates of future repairs by an owner, not in regard to expenses actually incurred or paid out.

The court allowed respondent $100 damages for loss of use of his car during the 10-day period when it was being repaired. Appellant offered no testimony to show that ten

days was not a reasonable period for the required work. An owner's recovery for being deprived of the use of his car is generally determined with reference to the period of time reasonably required to make repairs. (*Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840, 844 [147 P.2d 558].) It is the general rule that even though a car be used only for pleasure, the owner is entitled to damages for loss of use, despite failure of the owner to hire another car to take the place of the injured vehicle. (*Pittari* v. *Madison Ave. Coach Co., Inc.*, 68 N.Y.S.2d 741 (1947).)

We have reviewed all rulings attacked by appellant on the admission or rejection of evidence and we do not find that they were sufficiently prejudicial to appellant to constitute reversible error.

The award of special damages exceeds the prayer by $15 and that sum should be eliminated. The judgment is amended by striking the sum of $15 from the award of special damages and, as so amended is affirmed. Respondent to recover his costs on this appeal.

Goodell, J., and Dooling, J., concurred.