THE COURT.
Plaintiffs owned and occupied as their home the property which adjoined a vacant lot on which appellant as a contractor conducted grading operations. These included dumping loose dirt from a height of 50 or 60 feet. The dust raised by appellant in these operations damaged *Supp. 937 plaintiffs’ real and personal property, for which the court awarded plaintiffs a judgment of $1,500.
Appellant contends (1) the denial of his motion for judgment on the pleadings was error, and (2) the damages awarded plaintiffs were improper because they were based on receipts signed by third parties which were hearsay evidence.
1. There is no merit to appellant’s claim that the complaint fails to state a cause of action for negligence, for if it does not in negligence, the complaint and the findings do support a cause of action based on nuisance. Civil Code, section 3479; Centoni v. Ingalls (1931), 113 Cal.App. 192. 195 [298 P. 47]; McIvor v. Mercer-Fraser Co. (1946), 76 Cal.App.2d 247, 251, 254 [172 P.2d 758]. Facts were pleaded entitling plaintiffs to some relief. Domino v. Mobley (1956), 144 Cal.App.2d 24, 27 [300 P.2d 324].
2. The trial court allowed both plaintiffs to testify that the market value of their property depreciated $2,500 between the time prior to commencement of defendant’s operations and the termination of the main portion of the same. This was error.
Damages for a decrease in the market value caused by the existence of a nonpermanent nuisance are not recoverable. “Regarding this as an action on the ease for special or particular damages, the defendant was liable only for the damages actually sustained prior to the commencement of the suit.” Hopkins v. Western Pac. R.R. Co. (1875), 50 Cal. 190, 194; Spaulding v. Cameron (1952), 38 Cal.2d 265, 267 [239 P.2d 625]. Plaintiffs are limited in their recovery to the actual physical injury suffered before the commencement of the action. Spaulding v. Cameron, supra, page 267.
Over timely objection that the same were hearsay, the court also received in evidence numerous bills for repairs and replacements, some of which were receipted and signed by the third parties who made the repairs or furnished the replacements, some of which were marked paid and dated by an identical unidentified writing. Except as to Exhibit 2 and as to the lawn replacement hereinafter referred to, plaintiffs failed to offer any other evidence of payment. Such bills are hearsay, and it was error to admit them over objection. Menefee v. Raisch Improvement Co. (1926), 78 Cal.App. 785, 789 [248 P. 1031]; Murray v. San Leandro Rock Co. (1952), 111 Cal.App.2d 641, 649 [245 P.2d 347]; Nock v. Lloyd *Supp. 938 (1911), 32 R.I. 313 [79 A. 832, 833] ; Bushnell v. Bushnell (1925), 103 Conn. 583 [131 A. 432, 436, 44 A.L.R. 785] ; Ferraro v. Public Service Ry. Co. (1928), 6 N.J. Misc. 463 [141 A. 590] ; McMahan v. Musgrave (Tex. Civ. App., 1950), 229 S.W.2d 894, 898.
The amount paid for medical services is some evidence of reasonable value and sufficient in the absence of a showing to the contrary. Dewhirst v. Leopold (1924), 194 Cal. 424, 433 [229 P. 30] ; Malinson v. Black (1948), 83 Cal.App.2d 375, 379 [188 P.2d 788]. This rule has also been extended to automobile repair eases. Laubscher v. Blake (1935), 7 Cal.App.2d 376, 383 [46 P.2d 836] ; Malinson v. Black, supra, at 380. Proof of payment is prima facie proof of the reasonableness of a bill but a receipt signed by a third party is not competent evidence of payment when proper objections are made. In reading the cases on this point it is necessary to note which deal with bills which were not paid, receipted bills which were received in evidence without objection and receipted bills which were received in evidence over proper objections of the opposing party.
. In none of these eases does it appear that an attempt was made to introduce the bills themselves into evidence or that objection was made to the testimony of the parties. A paid medical bill is hearsay (Bushnell v. Bushnell, supra, p. 436 [131 A.]). Murray v. San Leandro Rock Co., supra, at 649, states that “Moore v. Levy, 128 Cal.App. 687 [18 P.2d 362] . . . where a judgment was reversed because the only evidence of the reasonable value of the repairs and their necessity was; the testimony of the plaintiff, admitted over proper objection, as to the amount of a repair bill he had received, is not applicable here because proper objection was made to the" introduction of the bill.”
' The bills themselves being hearsay, receipts by third parties on the bills, showing that they were paid, are also hearsay. The complete and correct rule on this point is stated in. 20 American Jurisprudence, Evidence, section 947: ‘‘Receipts, receipted bills, and acknowledgments of payment are admissible, as a rule, in an action between the parties to the transaction. As between them, a receipt in full is prima proof, of a settlement between the parties, and not merely evidence of the sums specified in it. As against strangers, however, a receipt is not ordinarily competent evidence of the payment thereby acknowledged, but is merely a hearsay declaration of the person who signed it, made without oppor *Supp. 939 tunity for cross-examination and independent of the sanction of his oath; in connection with other facts, a receipt by a third person may be competent evidence, as where the person to whom payment is made is pointed out by law, such as a receiver of taxes.” The following statement in 18 California Jurisprudence 2d, Evidence, section 220, appears to be contrary to the foregoing. “Although a receipt acknowledging the payment of money is not conclusive but may be explained by parol evidence, it is admissible as evidence of payment.” But an analysis of the three cases on which it is based shows that it is contrary to the weight of authority and in other respects is incomplete. Locke v. Porter Gold etc. Mining Co. (1871), 41 Cal. 305, supports the statement in California Jurisprudence 2d quoted above but it has never been cited in the reports since it was decided and is contrary to all eases cited in the Decennial Digests under “Evidence” section 318(5). Goodwin v. McCabe (1888), 75 Cal. 584 [17 P. 705], deals with a receipt of the receiver of the United States land office. It is consistent with the receipt by a public official exception mentioned in the above quotation from American Jurisprudence. In Honore v. Lemm (1919), 181 Cal. 420 [184 P. 664], the receipt in question was between the parties to the contract, not one signed by a third party.
Plaintiff introduced Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 10, into evide’- ’e over defendant’s objections; but the only testimony by the plaintiff-witness that any of these were paid bills was in regard to Exhibit 2 for interior painting in the amount of $325.66. Defendant objected and, therefore, under Moore v. Levy, supra, the bills themselves were incompetent. The only competent evidence of “damages actually sustained prior to the commencement of the suit” (Hopkins v. Western Pac. R.R. Co., supra) is the statement of Mrs. Plonley, on cross-examination, that she paid $200 for replacing the lawn, and $325.66 for interior painting.
We believe that all cases on this subject can be reconciled by recognizing the following principles:
1. The bill, in itself, is hearsay, even though it contains thereon a notation by a third party of payment. The mere presentation of such a bill is not evidence of value or necessity.
2. Competent testimony of payment is some evidence of reasonable value.
3. Although not involved herein, an agreement to pay a certain amount is some evidence of reasonable value. (See Malinson v. Black, supra, and cases therein cited.)
*Supp. 940 On a retrial, consideration should he given to the true rule on the measure of damages in a case such as this, that it is such sum as will reasonably compensate plaintiffs for damage to their property. That sum is equal to the difference in the fair market value of the property immediately before and after the injury; provided, however, that if the injury has been repaired, or be capable of repair, so as to restore the fair market value as it existed immediately before the injury, at an expense less than such difference in value, then the measure of damage is the expense of such repair rather than such difference in value. See BAJI Civil Instruction 174G.
The judgment is reversed and the cause is remanded for a new trial on the issue of property damages only.