Filed 10/31/25  Williams v. Circle CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIEL ARON WILLIAMS et al., | |
| Plaintiffs and Appellants, | C100598 |
| v. | (Super. Ct. No. 34-2020-00285207-CU-PA-GDS) |
| GARY LLOYD CIRCLE et al., | |
| Defendants and Respondents. | |

While driving under the influence and in excess of the speed limit, Gary Circle swerved his car around a minivan driven by Adam Bills and crashed into a home.  The crash killed Janice Williams and injured Daniel and Lorrie Williams.[1]  Daniel, Lorrie, and other plaintiffs sued Gary, Adam, and other defendants, asserting various causes of action, including negligence and wrongful death.[2]  A jury awarded Daniel $2,710,706.71, and it awarded Lorrie $1,586,050.50.  Plaintiffs moved for a new trial because the jury did not make an award for property damage, but the trial court denied the motion.

---

[1] Because some individuals share the same last name, we will use first names for clarity.

[2] Plaintiff Anne Williamson had an ownership interest in the home.  Plaintiff Pamela Martin sued as an individual and as the successor in interest to Janice's estate.  Additional defendants settled and were dismissed prior to trial.

1

Plaintiffs now contend that because the jury did not compensate them for property damage, (1) the judgment is inadequate as a matter of law, and (2) the trial court erred in denying their motion for a new trial.

Finding no error, we will affirm the judgment.

BACKGROUND

Adam had just turned his minivan onto Coloma Road in the City of Rancho Cordova when he saw the Kia Optima driven by Gary approaching at a high rate of speed. Adam stopped his minivan and Gary veered around him, crashing into a house. Data from the Optima indicated it had been travelling at 86 miles per hour five seconds before the crash. The speed limit on Coloma Road was 40 miles an hour. Gary admitted speeding and driving under the influence.

Lorrie, Daniel, and Janice were in the living room of the house at the time of the crash. The Optima pushed Lorrie through the wall and into another room. Daniel was pinned under the Optima, and Janice died at the scene.

Lenora McIntosh, a representative from Liberty Mutual and Safeco Insurance (Liberty Mutual), testified about property damage payments. Liberty Mutual paid Daniel, unnamed contractors, and a mortgage company $81,225.03 for dwelling damage; it paid for "other structure" damage in the amount of $822.98; it paid $54,876.67 to Daniel and unnamed storage and cleaning vendors for personal property; and it paid $41,995.57 for living expenses, which included a hotel stay and a rental home. The total amount paid by Liberty Mutual was $178,920.25.

The jury was instructed that if it decided plaintiffs had proven a claim against Gary and Adam, it must decide how much money would reasonably compensate plaintiffs for the harm, and the amount of damages must include an award for each item of harm caused by the wrongful conduct. The trial court informed the jury that plaintiffs sought damages for injury to real property, loss of use of real property, and loss of personal property. It instructed on what plaintiffs had to prove to recover those damages

2

and that the damage award must be based on the jurors' reasoned judgment applied to the testimony of witnesses and other evidence admitted during the trial.

The jury returned a verdict in favor of plaintiffs and against Gary and Adam. It awarded Daniel $419,031.67 for past economic loss, including medical bills; $1.5 million for past non-economic loss; $41,675.04 for future economic loss, including medical bills; and $750,000 for future non-economic loss, for a total of $2,710,706.71. The jury awarded Lorrie $27,445.80 for past economic loss, including medical bills; $1 million for past non-economic loss; $58,604.70 for future economic loss, including medical bills; and $500,000 for future non-economic loss, for a total of $1,586,050.50.

Plaintiffs moved for a new trial because the jury did not make an award for property damage. The trial court denied the motion.

DISCUSSION

I

Plaintiffs contend the judgment is inadequate as a matter of law because the jury did not compensate them for property damage.

Adam counters that plaintiffs did not establish the reasonable cost of repairing their house, the reasonable cost to rent similar property, or the fair market value of the personal property that was lost. Gary similarly argues there was inadequate evidence of real and personal property damage valuations. We agree with Adam and Gary.

A person who experiences loss or harm to property based on the unlawful act or omission of another may recover compensation from the person at fault. (Civ. Code, §§ 3281, 3282.) In general, the measure of damages for a defendant's negligence is the amount that will compensate the plaintiff for all detriment proximately caused by the defendant's conduct. (*Id.* at § 3333; *Gallentine v. Richardson* (1967) 248 Cal.App.2d 152, 154 (*Gallentine*).)

There is no fixed rule for determining the amount of damages for injury to property. (*Salazar v. Matejcek* (2016) 245 Cal.App.4th 634, 643-644 (*Salazar*).)

3

The trier of fact may adopt whatever formula is most appropriate to compensate the plaintiff for the loss.  (*Ibid.*; *Strebel v. Brenlar Investments, Inc.* (2006) 135 Cal.App.4th 740, 749.)  Damages for tortious injury to real property may be determined as the difference between the value of the property before and after the injury or the cost of restoring the property to its condition prior to the injury.  (*Salazar,* at pp. 643-644; *Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 450 (*Kelly*) [stating that in general property damages are limited to the fair market value of the property prior to the damage], disapproved on another ground in *Scholes v. Lambirth Trucking Co.* (2020) 8 Cal.5th 1094, 1103-1108, 1117.)  But an award of damages must be based on substantial evidence and not speculation or guesswork.  (*St. Mary & St. John Coptic Orthodox Church v. SBC Ins. Services, Inc.* (2020) 57 Cal.App.5th 817, 839; *Wholesale Electricity Antitrust Cases I & II* (2007) 147 Cal.App.4th 1293, 1309; *Avina v. Spurlock* (1972) 28 Cal.App.3d 1086, 1089.)

Here, the jury was instructed with CACI 3903F that to recover damages for harm to property, plaintiffs must prove the reasonable cost of repairing the harm.  Plaintiffs agreed to the instruction and do not claim instructional error.  Repair costs are allowed only if they are reasonable in light of the value of the property before the injury and the actual damage sustained.  (*Salazar, supra*, 245 Cal.App.4th at p. 644; *Kelly, supra*, 179 Cal.App.4th at p. 451.)  Whether restoration costs are reasonable is a question of fact for the trier of fact to decide in the first instance.  (*Salazar,* at p. 644; *Kelly,* at p. 451.)

Plaintiffs' appellate opening brief does not cite to evidence in the record establishing the value of plaintiffs' house before the crash, and we have found no such evidence in the record.  The Liberty Mutual representative testified that insurance paid for "dwelling damage" and "other structure" damage, but the testimony did not further describe the damage, and the appellate opening brief does not cite to any proof of repair costs or that any such costs were reasonable.  No receipts or invoices were presented.

4

Plaintiffs point out that photos and accident reconstruction animations showed that Gary's car crashed though exterior and interior walls, and that Daniel and Lorrie testified to their understanding that they had to repay Liberty Mutual more than $170,000. To be clear, we have no problem in accepting that the property damage was significant and extensive. But further detailed evidence is required. Plaintiffs do not contend that the photos or animations contain information about the fair market value of the house, the specific repair costs incurred, or whether any repair costs were reasonable. The portions of the record cited in the appellate reply brief also do not contain such information.

Plaintiffs argue in their appellate reply brief that the evidence of insurance payments establishes that repair charges were reasonable. However, unlike the cases they cite, plaintiffs did not present repair invoices or bills or testimony about the actual cost of repairs. (*Pacific Gas & E. Co. v. G.W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 42-43; *Meier v. Paul X. Smith Corp.* (1962) 205 Cal.App.2d 207, 222; *Plonley v. Reser* (1960) 178 Cal.App.2d Supp. 935, 937-939; *Malinson v. Black* (1948) 83 Cal.App.2d 375, 379; *Menefee v. Raisch Improv. Co.* (1926) 78 Cal.App. 785, 789.)

When injury to property can be repaired, a plaintiff may recover the value of lost use during the period of injury. (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 555; *Natural Soda Products Co. v. Los Angeles* (1943) 23 Cal.2d 193, 201.) The trial court instructed the jury with CACI 3903G that to recover loss-of-use damages, plaintiffs must prove the reasonable cost to rent similar property for the time plaintiffs could not use their property. Plaintiffs did not object to the instruction and there is no contention on appeal that the instruction was incorrect. The Liberty Mutual representative testified that insurance paid $41,995.57 for "living expenses," including a hotel stay and a rental home. However, plaintiffs do not point to evidence in the record addressing what constituted a similar property, the reasonable cost to rent such a property, or the period of time when plaintiffs could not use their house.

Where personal property is damaged but not destroyed, a plaintiff may recover for loss of use of the property and the lesser of the difference between the value of the property immediately before and after the damage (depreciation in value) or the reasonable cost of repairs. (*Hand Electronics, Inc. v. Snowline Joint Unified School Dist.* (1994) 21 Cal.App.4th 862, 870.) If the property is destroyed, the usual measure of damages is the market value of the property. (*Ibid.*) Here, the trial court instructed the jury with CACI 3903K that to recover damages for loss of personal property, plaintiffs must prove the fair market value of the personal property before the harm occurred. Again, plaintiffs consented to the instruction and do not assert instructional error. The Liberty Mutual representative testified that insurance paid $54,876.67 for "personal property." But plaintiffs do not point to any evidence in the record showing the fair market value of any personal property or specifically describing the personal property.

A judgment is presumed correct, and the appellant must affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We will not set aside a jury's determination unless the verdict is so plainly and outrageously inadequate that it suggests passion, prejudice or corruption on the part of the jury. (*Morris v. Frudenfeld* (1982) 135 Cal.App.3d 23, 36.) Here, the jury could have reasonably found that plaintiffs did not meet their burden in proving their property damage claim. Plaintiffs fail to demonstrate that the verdicts were the result of passion, prejudice or corruption. The cases upon which plaintiffs rely -- *Clifford v. Ruocco* (1952) 39 Cal.2d 327, 329, *Torr v. United Railroads of San Francisco* (1921) 187 Cal. 505, 509 (*Torr*), *Gallentine, supra,* 248 Cal.App.2d at pages 153-155 and *Chinnis v. Pomona Pump Co.* (1940) 36 Cal.App.2d 633, 642-643 -- are factually distinguishable because they do not involve a failure to prove a damages claim.

Plaintiffs further contend that because the verdict did not compensate them for the property damage proximately caused by defendants, the trial court erred in denying their motion for a new trial.

Code of Civil Procedure section 657 authorizes a trial court to vacate or modify a verdict, and to grant a new trial, where damages are inadequate. (Code Civ. Proc., § 657, subd. (5).) But a new trial cannot be granted on the ground of inadequate damages unless, after weighing the evidence, the trial court is convinced from the entire record, including reasonable inferences therefrom, that the trier of fact clearly should have reached a different verdict or decision. (Code Civ. Proc., § 657; see *Seffert v. Los Angeles Transit Lines* (1961) 56 Cal.2d 498, 507-508 (*Seffert*) [explaining that in ruling on a motion for a new trial the trial judge sits as a thirteenth juror with the power to weigh evidence and assess witness credibility and that the duty of an appellate court is to affirm the verdict and trial judge's order whenever possible].) A trial court has broad discretion in ruling on a new trial motion, and we accord great deference to its determination regarding the adequacy of damages because the trial judge, having been present at the trial, is more familiar with the evidence. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 64; *Atkins v. City of Los Angeles* (2017) 8 Cal.App.5th 696, 737; *Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1415.) We consider the evidence on the issue of damages in the light most favorable to the jury's determination, and we make all presumptions in favor of the trial court's ruling. (*Kelly, supra*, 179 Cal.App.4th at p. 452; *Nafus v. Freight Construction, etc.* (1960) 182 Cal.App.2d 120, 124; *Gersick v. Shilling* (1950) 97 Cal.App.2d 641, 645.) We will reverse the denial of a new trial motion based on inadequate damages only if the verdict is so out of line with reason that it shocks the conscience and necessarily implies that the verdict must have been the result of passion or prejudice. (*Seffert,* at p. 508.) Additionally, where the trier of fact concluded that the party with the burden of proof did not carry the burden, and that party appeals,

we must decide whether the evidence compels a finding in favor of the appellant as a matter of law. (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; accord *Ajaxo, Inc. v. E\*Trade Financial Corp.* (2020) 48 Cal.App.5th 129, 163-164.)

The trial court said there was little evidence on property value, and that the jury could have felt there was not enough evidence to award property damages. The trial court concluded that the jury made reasonable decisions based on the evidence presented. For reasons we have stated, plaintiffs have not shown that the evidence compelled a reasonable trier of fact to award them property damages.

Because we conclude reversal and a new trial are not required because the jury could have reasonably found plaintiffs did not meet their burden in proving their property damage claim, we do not consider claims relating to plaintiffs' obligation to repay Liberty Mutual, invited error, the collateral source rule, retraxit, and res judicata.

DISPOSITION

The judgment is affirmed.

/S/_____<br>MAURO, Acting P. J.

We concur:

/S/_____
BOULWARE EURIE, J.

/S/_____
MESIWALA, J.

8