[S. F. No. 14736. In Bank.—May 17, 1934.]

E. H. ANDERSON et al., Appellants, v. VICTORY A. DERRICK et al., Respondents.

F. W. Sawyer and L. Seidenberg for Appellants.

Fitzgerald, Abbott & Beardsley, John L. McVey and W. E. Rode for Respondents.

WASTE, C. J.—Plaintiffs instituted this action to recover damages alleged to have been suffered by them as the result of the fraudulent acts of the defendants who, as directors of the defendant Automatic Electrical Machine Company, a foreign corporation doing business in this state, are asserted to have conspired to cause, and actually did cause, the transfer of the entire corporate assets to one of their number, thereby depriving the corporation and its stockholders, among whom are plaintiffs, of everything of value. The complaint concludes with a prayer that plaintiffs be given judgment in the sum of $45,000, representing the par value of plaintiffs' stock alleged to have been made valueless by the wrongful acts of the defendants.

Plaintiffs duly demanded a jury trial, contending that the action is one at law prosecuted in their individual capacities to directly recover such damages only as were suffered by them, as distinguished from the whole damage inflicted on the corporation or the stockholders as a group. The trial court concluded, in conformity with the contention of the defendants, that the primary wrong was done to the corporation and that the plaintiffs' damage, in common with that done to other stockholders, was secondary in character and resulted solely and alone from their stock ownership. This being so, the court held that the action was representative or derivative in character and cognizable only in equity, and that plaintiffs were not therefore entitled to a jury as a matter of right. In the absence of a jury the plaintiffs declined to introduce any evidence, whereupon the court made findings in favor of the defendants and entered judgment accordingly. This appeal followed.

Throughout their briefs the plaintiffs repeately urge that they are prosecuting this action in their individual capacities and not as representatives of the corporation or of the remaining stockholders. They request that we treat as surplusage and ignore anything in the amended complaint

that savors of a representative suit. They insist that a stockholder, injured in common with all other stockholders by the wrongful acts of the corporate directors, may bring an individual action, as distinguished from a representative or derivative action, to recover any damage suffered by him as the result of such wrongful acts. In their opening brief they concede that a conclusion that the action is derivative in character will be fatal to their cause and appeal.

In the absence of statute, it is the generally accepted rule that misfeasance or negligence on the part of the managing officers of a corporation, resulting in loss of its assets, as alleged herein, is an injury to the corporation for which it must sue. A stockholder cannot sue for damages because his stock is thereby rendered worthless. (*Smith* v. *Hurd,* 12 Met. (Mass.) 371 [46 Am. Dec. 690]; *Niles* v. *New York Cent. & H. R. R. Co.,* 176 N. Y. 119 [68 N. E. 142]; *Ames* v. *American T. & T. Co.,* 166 Fed. 820; 6a Cal. Jur. 804, sec. 456; 14 C. J. 924, sec. 1444.) In the Niles case, *supra,* as here, the stockholder sought to recover damages at law for the depreciation in the value of his stock, which depreciation, in common with the loss to other stockholders, resulted from the acts of the corporate directors. In denying such relief it is therein declared: ''True, the plaintiff has suffered a depreciation in the value of his stock as a result of the wrong, and in this respect the injury was personal to the holders of the stock. But every stockholder has suffered from the same wrong, and if the plaintiff can maintain an action for the recovery of the damages sustained by him, every stockholder must be accorded the same right. The injury, however, resulting from the wrong was, as we have seen, to the corporation. The depreciation in the value of the plaintiff's stock, and that of the other stockholders, was in consequence of the waste and destruction of the property and franchise of the corporation.'' In 13 Fletcher, Cyc. Corporations, page 227, section 5913, the principle is stated as follows: ''individual stockholders cannot sue corporate officers for damages on the ground of mismanagement, on the theory that such mismanagement has rendered their stock of less value or worthless, since the injury is not to them individually, but to the corporation, i. e., the stockholders collectively. . . . It is only where the injury sustained to one's stock is peculiar to him alone, and

774

does not fall alike upon other stockholders, that he can recover as an individual."

Pointing out that the question is one of first impression in this state, the plaintiffs urge us to disregard the rule as announced in the above authorities. This we are not inclined to do. The rule is both reasonable and proper. ■ Its application to the present case precludes a recovery by the plaintiffs, for an examination of the amended complaint, assuming its allegations to be. true, discloses that plaintiffs suffered no damage peculiar to them alone. On the contrary, they were injured by the same wrong and in common with all other stockholders in the corporation. The injury was not to them individually but to the corporation, i. e., the stockholders collectively. Under the above authorities, the plaintiffs cannot, therefore, state a cause of action for damages peculiar and individual to them. Their cause of action is purely derivative in character. This being so, the complaint fails to state a cause of action and judgment must necessarily be given for the defendants. As stated above, the plaintiffs concede that a conclusion that the action is derivative is fatal to their position herein. Our conclusion obviates the necessity of determining whether the cause of action attempted to be alleged is equitable or legal in its bearing on plaintiffs' right to a jury trial.

■ We find nothing in our statutory law opposed to the above conclusion. At the time of the perpetration of the alleged fraudulent acts of which complaint is here made, section 309 of the Civil Code, in the absence of authority from the commissioner of corporations, prohibited the directors of a corporation from dividing, withdrawing or paying to the stockholders any part of the capital stock, for a violation of which such directors were jointly and severally liable "*to the corporation,* to the full amount of the capital stock so divided, withdrawn, paid out, or reduced. . . . " As it then read, the section did not purport to give to the stockholders in their individual capacities an independent and distinct cause of action for the redress of any wrong or damage suffered by them as the result of such violation. In other words, no liability was imposed on the directors in favor of the stockholders in their individual capacities. In 1929 (Stats. 1929, p. 1266), subsequent to the commission of the acts here complained of, the section was amended

to make the erring directors answerable "to the *shareholders* of such corporation to the full amount of any loss sustained by such shareholders . . . " The section was repealed in 1931 (Stats. 1931, pp. 1762, 1815), and superseded by section 363, Civil Code, wherein directors causing an unauthorized division or distribution of corporate assets among the stockholders were made jointly and severally liable "to the *corporation* and to *shareholders* and *subscribers* for the full amount of any loss sustained by the corporation, the shareholders and/or subscribers". We need not here pause to determine whether the amended section 309 or its successor, section 363, imposes a liability upon erring directors in favor of stockholders in their individual capacities. Even if such liability were then created, a point we do not decide, the amendment of the old section and the enactment of the new, being subsequent in point of time to the commission of the acts upon which this suit is based, cannot, in the absence of a contrary legislative intent, be held to be retroactive. In *Estate of Parker*, 200 Cal. 132, 142 [251 Pac. 907, 49 A. L. R. 1025], it is declared that "A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage. Laws which create new obligations, or impose new duties, or exact new penalties because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect unless the contrary clearly appears."

The dissolution of the defendant corporation prior to the commencement of this suit did not serve to create such individual right of action in the stockholders. The defendant corporation is a Delaware corporation. We will take judicial notice of the fact (Code Civ. Proc., sec. 1875, subd. 3) that the laws of Delaware (chap. 65, Rev. Code of 1915) continue the corporate existence for three years after dissolution for the purpose of prosecuting or defending suits by or against the corporate entity. The present action was instituted approximately six months after dissolution and when approximately two and one-half years remained within which a representative suit could have been brought.

As stated at the beginning of this opinion, the court below, upon the failure and refusal of the plaintiffs to introduce any evidence, made findings in favor of the defendant,

and gave judgment accordingly. The plaintiffs now contend that the findings are unsupported by the evidence. In view of our conclusion that the complaint fails to state a cause of action, the findings are, at most, unnecessary and superfluous and can in no way detract from the propriety of the judgment entered. In the trial court the plaintiffs offered no objection to findings being made in the absence of any evidence. When the matter of findings was under consideration counsel for plaintiffs suggested as a form of finding the following: "counsel for the plaintiffs refuse to submit evidence supporting the complaint, therefore the court finds that the allegations of the complaint are not true". The court below accordingly found the material and substantial allegations of the complaint to be untrue and it is not for the plaintiffs to now urge that the findings are unsupported by evidence.

We have examined *Chetwood* v. *California Nat. Bank,* 113 Cal. 414 [45 Pac. 704], *Bee* v. *Cooper,* 217 Cal. 96 [17 Pac. (2d) 740], and other authorities cited by the plaintiffs. They do not suggest a result different from that here reached. In view of the fact that our conclusion makes it unnecessary to now decide whether the cause of action attempted to be alleged is legal or equitable in nature, the two cited cases offer no difficulty. None of the California cases to which plaintiffs have referred us directly involved the question here determined. Plaintiffs necessarily admit this when, as already stated, they concede that the question is one of first impression in this state.

In conclusion it should be stated that there is language in plaintiffs' "supplemental brief on rehearing" which tends to indicate a complete change of position on their part. There is language therein capable of being construed as an assertion on plaintiffs' part that the action is "derivative" and "involves and concerns only the rights of the corporation, though commenced and prosecuted by the stockholders . . . '". Such a position, if now assumed, flies squarely in the face of plaintiffs' positive and often-repeated declaration, both in the trial court and here, that the action was commenced and prosecuted by plaintiffs in their *individual* capacities to recover damages alleged to have been suffered by them alone and was not prosecuted for and on behalf of the corporation or the stockholders

thereof. Moreover, in denying the request for a jury, the trial court expressed a willingness to regard the action as a representative one instituted for and on behalf of the corporation and its stockholders, indicating to plaintiffs that appropriate relief would be granted if they proceeded on this theory and succeeded in establishing the allegations of their complaint having to do with the defendants' alleged improper disposition of the corporate assets. Plaintiffs declined to proceed on this theory. Under elementary and fundamental principles, plaintiffs cannot, upon finally discovering the weakness of their cause, completely and radically alter their theory of the case after rehearing on appeal. It is now too late for the plaintiffs, in the present proceeding, to change their position and urge the representative or derivative character of the action.

The judgment is affirmed.

Shenk, J., Preston, J., Langdon, J., and Seawell, J., concurred.