[Civ. No. 14151.   Second Dist., Div. Two.   Nov. 12, 1943.]

N. E. SHENBERG, Appellant, v. G. C. DeGARMO et al., Respondents.

Frank M. Gunter for Appellant.

Glen Behymer for Respondent.

WOOD (W. J.), J.—Plaintiff appeals from a judgment in favor of defendants after demurrers to the third amended complaint had been sustained without leave to amend and after a motion to reconsider and to grant leave to file a fourth amended and supplemental complaint had been denied. This is the third occasion on which the various troubles of Golden State Glass Corporation and its stockholders have come before the reviewing courts of California. (See *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384 [90 P.2d 75]; *DeGarmo* v. *Goldman,* 19 Cal.2d 755 [123 P.2d 1].)

In the original complaint, which was filed on April 25, 1940, the plaintiffs named were N. E. Shenberg and Hortense Shenberg, husband and wife. They alleged therein that they were owners in joint tenancy of stock in Golden State Glass Corporation and sought damages against G. C. DeGarmo, John E. Biby and several fictitious defendants in a sum equal to the value of the stock owned by them. It was alleged in the complaint that defendants had committed several acts of wrongdoing specifically set forth, including the malicious appointment of a receiver for the corporation and the dissipation of the corporation's assets and conversion of portions thereof to their own use, causing the value of plaintiffs' stock to be wholly destroyed. Summons was issued on February 17, 1941. A dismissal was filed as against defendant Biby on March 12, 1942. An amended and supplemental complaint was filed and an alias summons issued on April 7, 1942, defendant Golden being substituted for one of the fictitious defendants. In each of the amended complaints Hortense Shenberg was dropped as party plaintiff and the remaining plaintiff, N. E. Shenberg added certain paragraphs, without arranging them as a separate cause of action, in which he alleged that he had a contract with the corporation for his personal services and that defendants had unjustifiably induced a breach of this contract. For this reason he sought additional damages in the sum of $4,915.

In the third amended complaint plaintiff alleges that he and his wife hold as community property one-third of the capital stock of Golden State Glass Company; that defendant DeGarmo owns one-third and that defendant Goldman owns one-third of the stock of the corporation; that until a receiver was wrongfully appointed through the machinations of the original defendants G. C. DeGarmo and John Biby, the corpo-

ration was highly solvent; that plaintiff was, until May 31, 1938, when the receiver was appointed, employed by the corporation as a co-manager under written contract; that the reasonable market value of the stock held by plaintiff at the time of the appointment of the receiver was $42,225; that defendant DeGarmo was indebted to the corporation at the time of the appointment of the receiver for $22,033.17, monies wrongfully paid him through excessive salaries and without consideration; that DeGarmo wrongfully contended that he was entitled to receive such salary for an indefinite period in the future at the rate of $500 per month; that DeGarmo bore ill will toward plaintiff during the entire period mentioned in the pleadings and that Goldman bore ill will toward plaintiff during the latter period of time referred to in plaintiff's complaint; that as a result of a conspiracy between defendants DeGarmo, Biby and unnamed parties DeGarmo wrongfully caused a receiver to be appointed in an action in the superior court, various details concerning the manner in which the receiver was procured being set forth; that the receiver took possession of the corporation's business and property and held it from May 31, 1938, to March 3, 1939, when the receivership was terminated; that since December, 1940, the corporation has been in the hands of a board of directors controlled by defendant DeGarmo and defendant Goldman; that a stockholders' meeting was held in March, 1942, at which time Frank M. Gunter, counsel and pledgee of certain stock held by plaintiff was elected a director, together with defendants DeGarmo and Goldman; that DeGarmo and Goldman dominate the board, do not hold meetings as required by the by-laws, are dissipating the assets of the corporation, paying monies to defendant DeGarmo belonging to the corporation without consideration and converting assets of the corporation to their own use; that defendant DeGarmo caused certain persons to be named as directors of the corporation and by threats of physical violence barred plaintiff from entering upon the property of the corporation; that by reason of this course of wrong-doing, the stock owned by plaintiff has become valueless to any person other than defendants and that the market value of the stock has become wholly destroyed to plaintiff's damage in the sum of $42,225.

In the proposed fourth amended and supplemental complaint it is alleged that after the filing of the original complaint herein plaintiff commenced an action for the dissolution

of the corporation in which he alleged that the corporation was possessed of liquid assets sufficient to discharge the claims of all creditors and to pay to plaintiff as his share of the net assets a sum not in excess of $15,000. He alleges that he has "suffered damage in the diminution of the value of his said stock in the sum of $27,225." He therefore asks judgment for $27,225 on this account instead of the sum of $42,225 originally asked. He also asks for judgment for $50,000 as punitive damages and $4,915 for loss of salary.

It is a general rule that a corporation which suffers damages through wrong-doing by its officers and directors must itself bring the action to recover the losses thereby occasioned, or if the corporation fails to bring the action, suit may be filed by a stockholder acting derivatively on behalf of the corporation. An individual stockholder may not maintain an action in his own right against the directors for destruction of or diminution in the value of the stock. This rule was expressly followed by the Supreme Court of California in *Anderson* v. *Derrick,* 220 Cal. 770 [32 P.2d 1078], where the plaintiffs instituted an action as individuals to recover damages alleged to have been suffered by them as the result of the fraudulent acts of the defendants who, as directors of a corporation were asserted to have conspired to cause and did cause the transfer of the entire corporate assets to one of their number, thereby depriving the corporation and plaintiff stockholders of everything of value. The court concluded that the injury was to the corporation itself and that plaintiffs should have commenced a derivative action. This rule is justifiable, for the rights of creditors of the corporation, which are superior to those of the shareholders, would not be protected if individual shareholders were permitted to sue in their own right.

The situation is not changed by the allegations charging conspiracy on the part of defendants, for the action was instituted to recover a judgment for the injury done to the corporation itself by which the corporation's assets were depleted. (*Allen* v. *Curtis,* 26 Conn. 456; *Smith* v. *Bramwell,* 146 Ore. 611 [31 P.2d 647]; *Lukach* v. *Blair,* 108 Misc. 20 [178 N.Y.S. 8]; *Brock* v. *Poor,* 216 N.Y. 387 [111 N.E. 229]; *Niles* v. *New York Central & H. R. R. Co.,* 176 N.Y. 119 [68 N.E. 142]; *Anderson* v. *Derrick, supra.*) Nor is the situation changed by allegations that defendants acted through malice. The ill will of a director toward a stockholder and his motive in wrong-doing do not change his liability for injuries, which

remain injuries to the corporation rather than to the individual shareholder. (*Green* v. *Victor Talking Machine Co.*, 24 F.2d 378.)

In the original complaint the acts complained of are, essentially, the wrongful and malicious appointment of a receiver, the conversion and dissipation of the assets of the corporation and the payment of excessive salaries to the managing directors. Clearly, these are wrongs to the corporation itself and plaintiff cannot sue to recover except in a derivative action on behalf of the corporation. In a derivative action a shareholder must allege a demand and refusal on the part of the corporation management to commence the action, or allege an appropriate excuse for not making such a demand, and the corporation is a necessary party defendant. Plaintiff does not contend that this is a derivative action and he does not seek to amend his complaint for the purpose of making it a derivative action.

In his amended complaints, in which Mrs. Shenberg ceased to be a party plaintiff and Mr. Biby ceased to be a party defendant, plaintiff includes allegations in which defendants are charged with wrongfully causing the corporation to breach its contract for his employment. Plaintiff properly contends that such a cause of action is not derivative in its nature. If it be assumed that the directors of a corporation are personally liable for their acts in inducing the breach of a contract of employment made with a solvent corporation, an assumption which is vigorously opposed by defendants, the action of the lower court must nevertheless be upheld, for a plaintiff may not introduce in an amended complaint a wholly different cause of action from the one stated in his original complaint. The cause of action set forth in the original complaint was for injuries done to the corporation causing the destruction, or diminution in the value of the corporation stock, whereas the redress sought in the matter of inducing the breach of contract is an individual action which is of interest to plaintiff individually and not as a stockholder.

An action of a personal nature resulting in injury to the plaintiff individually may not be joined with a derivative action for injuries done to the corporation. (*James* v. *P. B. Steifer Mining Co.*, 35 Cal.App. 778, 788 [171 P. 117].) The rule is to be followed notwithstanding plaintiff claims that his action is not derivative in nature and formulates his allega-

tions on the theory that his action may be maintained as an individual. (*Brock* v. *Poor, supra.*)

Plaintiff contends that the allegations of his third amended complaint bring his cause of action within the exception to the rule that derivative actions must be commenced on behalf of the corporation. The exception is stated in 13 Fletcher, Cyc. Corp. chapter 58, page 275, section 5913: "It is only where the injury sustained to one's stock is peculiar to himself alone, and does not fall alike upon other stockholders, that he can recover as an individual." It is stated in *Green* v. *Victor Talking Machine Co., supra:* "For a shareholder to obtain a *personal* right of action there must be *relations* between him and the tort-feasor *independent* of those which the shareholder derives through his interest in the corporate assets and business." Plaintiff's allegations of misconduct on the part of defendants are directed to acts which resulted in injuries to the corporation, except the allegations concerning the breach of the contract of employment, which, as we have seen, were improperly added in the amended complaints.

The facts in the present case do not correspond to the facts in any of the cases relied upon by plaintiff. In *General Rubber Co.* v. *Benedict*, 215 N.Y. 18 [109 N.E. 96, L.R.A. 1915F, 617], the action was not commenced by an individual shareholder but the plaintiff was a corporation suing its own director for damages suffered by the corporation through the misfeasance of the defendant. In *Ritchie* v. *McMullen*, 79 F. 522 [25 C.C.A. 50], the plaintiff had pledged shares of stock with the defendants, who were directors of the corporation. They wrongfully conspired together and reduced the value of the pledged shares with the intention of defaulting the plaintiff, forcing the shares to a public sale, depriving the plaintiff of the means of redeeming them or buying them in, and of buying them in at less than their value, thus increasing their own holdings and causing the plaintiff to cease to be a stockholder. The basis of the decision was that the pledgees used their position as managing directors to depreciate the value of the stock of their pledgor. In these circumstances the injury to the plaintiff was personal and was not an injury which fell upon all shareholders alike. A similar condition, that of pledgor-pledgee of corporation stock, existed in *Kono* v. *Roeth*, 237 App.Div. 252 [260 N.Y.S. 662]. In *Adams* v. *Clark*, 239 N.Y. 403 [146 N.E. 642], the plaintiff, a former stockholder in the corporation, was induced by false and fraudulent rep-

resentations to consent to the adoption of a resolution consenting to the voluntary bankruptcy of a corporation. The corporation was put through bankruptcy proceedings, all of its assets disposed of and it ceased to do business. False representations had been made to the plaintiff that the corporation would be reorganized in the bankruptcy proceedings and capital would be furnished by the conspirators for the reorganizations, whereas their intention was not to furnish any funds whatever, but to bid in the assets at the bankruptcy sale and eliminate the plaintiff, who was the holder of a majority of the stock. The corporation was no longer in existence and a derivative action could not be maintained. The gravamen of the cause of action was the false and fraudulent representations made directly to the plaintiff. In *Hammer* v. *Werner*, 239 App.Div. 38 [265 N.Y.S. 172], the plaintiff was no longer a stockholder and there was no present stockholder of the corporation who was in position to maintain a derivative action. The defendants in violation of their fiduciary relationship improperly acquired stock in the corporation without affording the plaintiff an opportunity to participate ratably in the purchase of the stock. The court referred to the right of a stockholder to have redress where the act complained of effects a separate and distinct wrong to him individually. All of the cases cited by plaintiff recognize the rule that a corporate action is necessary to redress wrongs done to the corporation and that an individual right of action can arise only in cases where shareholders have suffered individual wrongs independent of the wrongs to the corporation or, as in the case of *Hammer* v. *Werner, supra,* there is no present stockholder in position to commence a derivative action.

A recent California case is cited by plaintiff, *Elsbach* v. *Mulligan,* 58 Cal.App.2d 354 [136 P.2d 651], where the plaintiff and the defendant were stockholders·of a corporation and it was claimed the wrongs were done to the corporation. In that case the parties entered into a business venture and ''it was agreed between plaintiff and defendant Walter J. Mulligan that any profits or losses resulting from said joint enterprise, undertaking or adventure should be shared equally between plaintiff and defendant.'' Thereafter a corporation was formed and the two parties owned the corporate stock. The decision recognized the general rule that corporate wrongs must be redressed by the corporation but further held that ''if a corporation or a formal partnership is a mere agency

for the purpose of convenience in carrying out a joint venture agreement, and independent and innocent third parties, such as creditors or stockholders are not injured thereby . . . , justice would seem to demand that in determining the rights of the parties they be placed in the position each occupied under the original agreement.'' The court referred to a conflict in the evidence as to whether the obligations of the parties constituted genuine corporate functions or whether the corporate form was employed merely as a convenient method of carrying out the agreement of the parties, and stated that the trial court's resolution of such conflicts in favor of the plaintiff found support in the record. There are no allegations in plaintiff's various amended complaints which bring the action within the rule of *Elsbach* v. *Mulligan, supra.*

No charges appear in the allegations of the proposed fourth amended and supplemental complaint which make inapplicable the general rule that corporate wrongs must be redressed by a corporate action. In all substantial particulars the proposed fourth amended complaint conforms to the third amended complaint. An important change appears to be in the allegation placing a greater value upon plaintiff's stock and asking for judgment in an amount lower by $15,000 than the amount asked in the third amended complaint. This, however, is inconsequential in determining whether the action of the lower court was correct.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 11, 1944. Gibson, C. J., Carter, J., and Traynor, J., voted for a hearing.