[Civ. No. 21576. Second Dist., Div. Three. Aug. 17, 1956.]

SAM DOMINO et al., Appellants, v. NANNIE E. MOBLEY et al., Respondents.

*Assigned by Chairman of Judicial Council.

Hiram T. Kellogg for Appellants.

Siemon & Siemon for Respondents.

VALLÉE, J.—Appeal by plaintiffs from an adverse judgment entered on the sustaining of defendants' objection to the introduction of any evidence on the ground the complaint does not state facts sufficient to constitute a cause of action in an action for damages for breach of a contract for the sale of realty.

An objection to the introduction of any evidence on the ground the complaint does not state facts sufficient to constitute a cause of action is treated as a general demurrer to the complaint and all facts pleaded are deemed to be true.

The complaint alleges: On November 25, 1953, and since, defendants were the owners of a described parcel of realty. On that day plaintiffs and defendants entered into a written agreement in the form of escrow instructions by which plaintiffs agreed to buy and defendants agreed to sell the property on the conditions therein contained, as appears from the escrow instructions attached to the complaint as an exhibit.

Defendants represented to plaintiffs that they could convey title in fee, free and clear of all encumbrances; and that there were no restrictions, notwithstanding the provisions of the escrow instructions, that would in anyways restrict plaintiffs from having full and complete title to the property in fee simple. In truth, they could not convey the same by reason of the restriction of the oil and mineral rights with reference thereto. Plaintiffs deposited the money required by the agreement to be deposited by them and performed all conditions by them to be performed according to the terms of the escrow agreement.

The complaint further alleges defendants failed and refused to perform the acts to be done by them under the escrow and failed and refused to convey the property in accordance with its terms. The market value of the property on the date the escrow was to be completed and the property to be conveyed to plaintiffs was $60,000. Defendants have failed and refused to convey and plaintiffs have been damaged in the sum of $15,000, which is the difference between $60,000, the contract price, and the market value of the property on the date of defendants' default. While the escrow was in force plaintiffs entered into an agreement for the leasing of the property, on the erection by them of a market, to Piggly-Wiggly. The leasehold of itself created a market value of $75,000. The prayer is for $15,000 damages.

The escrow instructions attached to the complaint are in the usual form. They recite a consideration of $60,000; the deposit by plaintiffs of $17,400; title to be vested in plaintiffs as joint tenants subject to: (1) second half taxes, including any district levies; (2) assessments and bonds; (3) ''[a]ny covenants, conditions, restrictions, rights, rights of way and easements of record, or in deed to file''; (4) a mortgage to be executed by plaintiffs.

While the complaint is far from a model pleading we think it states facts sufficient to constitute a cause of action. ■ All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. ■ The complaint is to be liberally construed. ■ Surplusage is to be disregarded. ■ If upon a consideration of all the facts stated it appears the plaintiff is entitled to any relief at the hands of the court against the defendant, the complaint will be held good although the facts may not be clearly stated or may be intermingled with a statement of other facts irrele-

vant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. (*Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 288-289 [295 P.2d 113].) An objection by a defendant to the introduction of any evidence on the ground the complaint fails to state a cause of action will lie only "where the admitted averments of the complaint justify a judgment for the defendant, i.e., where no material issue is joined which it is necessary to prove. (21 Cal.Jur. 234, § 163.) Nothing dehors the complaint may be considered." (Mr. Justice Ashburn speaking for this court in *Bice* v. *Stevens,* 136 Cal.App.2d 368, 373 [289 P.2d 95].)

The principal contention is that the contract in the form of the escrow instructions is too uncertain to constitute a contract. This is an action at law for damages, not a suit for specific performance. *Watts* v. *Mohr,* 86 Cal.App.2d 256 [194 P.2d 758], relied on by defendants, was a suit for specific performance, not an action at law for damages. An action at law is founded on a mere nonperformance by a defendant, and this negative conclusion can often be established without determining all the terms of the contract with exactness. (*Durst* v. *Jolly,* 35 Cal.App. 184, 190 [169 P. 449].) It is not necessary that each term be spelled out in minute detail; only the essentials of the contract need be agreed on and be ascertainable. (*Mancuso* v. *Krackov,* 110 Cal.App.2d 113, 115 [241 P.2d 1052].) The complaint alleges a contract, a breach, and damage. A breach of a contract is a wrong and is actionable in itself. (12 Cal.Jur.2d 480, § 253.)

We find no such uncertainty as defendants assert. Their claim is predicated in part on this provision of the escrow instructions:

"Mortgage—Deed of Trust on T. I. & Tr. Co. form, executed by Sam Domino and LaVeta Domino, husband and wife, in favor of Nannie E. Mobley, a married woman, as to an undivided one-half interest and Roger E. White, a married man, as to an undivided one-half int., securing Note for $2,600.00 dated Nov. 25, 1953 due in installments after date with interest at 5% per cent per annum, from date payable monthly at Ma*j*ave, Calif., principal and interest due and payable in installments of $400.00 OR MORE, each on the 5th day of every month beginning January 5, 1954. In addition a payment of $2600.00 will be due on principal on the 5th day of January 1954 *an* an additional payment of $10,000.00 on or before December 15, 1954. Upon receipt of these two

extra payments a partial reconveyance will be given covering the westerly ~~100~~ 150 feet of said property.''

■ Obviously the amount of the note to be given is a typographical error and incorrect. But that does not invalidate the contract. The uncertainty in the amount of the note may be resolved by extrinsic evidence. (*Lipton* v. *Johansen,* 105 Cal.App.2d 363, 367 [233 P.2d 648].)

■ Defendants argue the instructions are uncertain because they provide the escrow holder was to use and deliver the money deposited and the papers to be deposited by them ''provided instruments have been filed for record entitling you to procure assurance of title in the form of a joint protection Policy of Title Insurance issued by Title Ins. & Trust Co. in its usual form, with a liability of $60,000.00.'' The argument is wholly without substance. This is the prevailing form of escrow instructions in common use. *King* v. *Stanley,* 32 Cal.2d 584 [197 P.2d 321], says (p. 589) : ''In the absence of express conditions, custom determines incidental matters relating to the opening of an escrow, furnishing deeds, title insurance policies, prorating of taxes, and the like.''

■ It is asserted the allegation that ''plaintiffs did and performed all of the conditions to be by them done and performed according to the terms of said escrow agreement, and that the plaintiffs were at all times ready and willing to make all payments, execute all agreements and take all steps necessary or required by the terms of said written agreement for the purpose of securing title, in accordance therewith, to the premises hereinabove described, and that the plaintiffs are prepared to fully carry out and perform all of the terms and conditions of said agreement to be by them performed'' is insufficient. The point is untenable. The code expressly provides, ''In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance.'' (Code Civ. Proc., § 457.)

Defendants also argue the complaint pleads a measure of damages not authorized by the code. Assuming, without deciding, that the argument is well taken, the matter is of no consequence. ■ Facts must be alleged which show the existence of damage. If ''that is done and a prayer for a specific sum inserted in the pleading it is sufficient even

though there is no specific allegation of damage in any stated sum, or if the pleading states facts invoking a wrong measure of recovery." (*Bice* v. *Stevens,* 136 Cal.App.2d 368, 373 [289 P.2d 95].) ▮ Whether the correct measure of damages is pleaded is not important in the face of a general demurrer. (*Sutter* v. *General Petroleum Corp.,* 28 Cal.2d 525, 534 [170 P.2d 898, 167 A.L.R. 271].)

A cause of action is stated.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 3, 1956, and respondents' petition for a hearing by the Supreme Court was denied October 10, 1956.