[Civ. No. 21553. First Dist., Div. Three. Aug. 3, 1964.]

JULIA O'HARE, Plaintiff and Appellant, v. MARINE ELECTRIC COMPANY et al., Defendants and Respondents.

Graham, James & Rolph and Roger J. Fleischmann for Plaintiff and Appellant.

Theodore M. Monell, Spicer & Whiting and H. R. Whiting for Defendants and Respondents.

DRAPER, P. J.—After sustaining of demurrer to her complaint, plaintiff amended. Defendant corporation and all four individual defendants demurred to the amended complaint. The demurrers were sustained. Plaintiff was granted leave to amend, but formally declined to do so. Judgment of dismissal was entered, and plaintiff appeals.

The amended complaint alleges that: since 1949 plaintiff has owned 35 shares of defendant corporation, which is a minority interest; each individual defendant was and is "an officer and/or director and/or shareholder" of defendant corporation; "over a period of many years" they have "participated ... in the distribution of benefits from the assets" of the corporation "in the nature of dividends" (later alleged to be "in the substantial nature of divi-

dends'') to themselves. On information and belief, it is alleged the benefits ''took the form of payment for services not performed, of retirement and purchase of shares by the company ... and 'distribution ... in the nature of a partial liquidation ... on terms not made available to plaintiff.' '' The only moderately specific allegation of any such act, again on information and belief, is that in 1959 the corporation agreed to pay one defendant ''substantially in excess of $50,000'' for his shares. There is no allegation that the agreement is not permitted by law. It is alleged, on information and belief, that these actions ''have damaged plaintiff in her individual capacity as a shareholder ... in the amount of $20,000.''

This pleading is vague and uncertain, and its attempted allegations of fraudulent concealment are defective. The trial court, however, disclaimed basing its order on these grounds. We therefore consider only whether the complaint states a cause of action in plaintiff.

If the action be derivative (i.e., an attempt to enforce a right of the corporation) it must fail for lack of the allegations required (Corp. Code, § 834, subd. (a)(2)). Plaintiff's brief impliedly concedes that she must stand or fall upon the sufficiency of her pleading to allege a cause of action in her individual right, and this concession was made express at oral argument.

■ An action is derivative if based upon injury to the corporation or to the whole body of its stock, but individual if the complaining stockholder is directly and individually injured (*Sutter* v. *General Petroleum Corp.*, 28 Cal.2d 525, 530 [170 P.2d 898, 167 A.L.R. 271]). ■ ''An individual stockholder may not maintain an action in his own right against the directors for destruction of or diminution in the value of the stock'' (*Shenberg* v. *DeGarmo*, 61 Cal.App.2d 326, 330 [143 P.2d 74]). ■ ''[M]isfeasance or negligence ... of the managing officers of a corporation, resulting in loss of its assets ... is an injury to the corporation,'' and does not permit a nonderivative action by a stockholder in his individual capacity (*Anderson* v. *Derrick,* 220 Cal. 770, 773 [32 P.2d 1078]). ■ We recognize that a complaint for vindication of individual rights is not rendered wholly derivative because it also sets forth derivative causes of action (*Hagan* v. *Superior Court,* 53 Cal.2d 498, 503 [2 Cal.Rptr. 288, 348 P.2d 896]). But some individual injury must appear if the application of section 834 is to be avoided.

 Here we look in vain for allegation of such injury. The suggestion that the individual defendants were paid "for services not performed" clearly asserts only a wrong against the corporation.

 "Retirement and purchase of shares" is permissible (Corp. Code, §§ 1706, 1707), and the complaint contains no suggestion that the acts alleged were not entirely valid. The allegation that all payments complained of were "in the nature of a partial liquidation ... not made available to plaintiff" is unsupported by any specifics, and is too vague to be actionable at all.

 As to the individual defendants, the claim that all payments were "in the nature of dividends" adds nothing. There is no allegation that these dividends were either properly or improperly paid. If they were validly paid, the individual defendants are not liable to anyone for their repayment. If they were wrongfully paid, their recovery is for the corporation (Corp. Code, § 1510), and plaintiff would but compound the illegality by sharing the booty.

 Plaintiff argues that a fiduciary duty is owed by directors to shareholders (*American Trust Co.* v. *California Western States Life Ins. Co.*, 15 Cal.2d 42 [98 P.2d 498]) or by majority shareholders to the minority (*Remillard Brick Co.* v. *Remillard-Dandini Co.*, 109 Cal.App.2d 405 [241 P.2d 66]). But her complaint alleges no foundation for application of such rules. Her studied use of the ineffable "and/or" leaves the complaint with no direct allegation that any defendant is either a director or a shareholder. Nor is there allegation of breach of any fiduciary duty conceivably owed to plaintiff as an individual. If the payments were improper, it is a duty to the corporation which was breached. Similarly lacking are allegations of "special facts" which would proscribe the withholding of information by directors (*Low* v. *Wheeler*, 207 Cal.App.2d 477, 484 [25 Cal.Rptr. 538]).

 We conclude that no cause of action is stated against the individual defendants.

 Against the corporation, the complaint is equally defective. Of course, if it alleged failure to pay plaintiff a declared dividend, a right of recovery would be shown (13 Cal.Jur.2d 39-40). Similarly, a scheme or device for the distribution of profits to the stockholders generally, but excluding a minority from such payments, would give rise to an action against the corporation for the payments withheld (*De Martini* v. *Scavenger's Protective Assn.*,

3 Cal.App.2d 691 [40 P.2d 317]). ▮▮▮ But no such facts are alleged. There is no claim that dividends have been declared. The assertion that the unspecified payments to the individual defendants were ''in the nature'' or ''in the substantial nature'' of dividends is altogether too vague to show a distribution to stockholders generally, excluding only plaintiff or a minorty similarly situated. This is particularly true when there is no allegation of the proportion of the stock held by the asserted payees. There is simply no allegation to support a claim of discrimination by the corporation against plaintiff in payment of declared dividends or in a general distribution of profits. ▮▮▮ Again, if the payments were wrongful, their recovery is for the corporation, directly or through a derivative action. If they were valid, no cause of action exists in plaintiff.

The complaint does not remotely suggest the strictly limited right to compel declaration of a general dividend (see 1 Ballantine & Sterling, Cal. Corp. Law (4th ed.) § 137). Thus we need not consider the conflict of authority as to whether such an action by a shareholder is individual (*Knapp* v. *Bankers Securities Corp.*, 230 F.2d 717) or derivative (*Gordon* v. *Elliman*, 306 N.Y. 456 [119 N.E.2d 331]).

Since plaintiff elected not to amend, we must presume that the case has been stated as strongly as can be done (*Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750 [195 P.2d 492]). ▮▮▮ The amended complaint fails to state a cause of action against any defendant.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1964.