Glenn C. GROSJEAN, Plaintiff
and Appellant,

v.

Raymond R. ROSS, Personal Representative of the Estate of Raymond R. Ross, Deceased, Galen J. Ross and Toluca Enterprises, Inc., Defendants and Respondents.

No. 14992.

Supreme Court of Utah.

Dec. 20, 1977.

---

5. Rule 56(c) U.R.C.P.

H. Wayne Wadsworth, Watkiss & Campbell, Salt Lake City, for plaintiff and appellant.

Walker & Hintze, Galen J. Ross, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff brought action to recover a money judgment for the value of services rendered to defendants and for fraud, and for a decree awarding the plaintiff stock in the defendant corporation. The District Court for Salt Lake County entered its order dismissing the complaint with prejudice as to the individual defendants on the ground that the action was barred by the provisions of Utah Code Ann., 1953, 78–12–27, as amended. From this order, and the Court's order denying plaintiff relief from this order, plaintiff appeals. Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.

The only critical issue involved here is whether plaintiff's actions against the individual defendants are barred by the statute cited. The resolution of this issue is dispositive and the discussion of other matters raised is therefore unnecessary.

Utah Code Ann., 1953, 78–12–27, as amended, in relevant part, provides:

> Action against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created, by law must be brought within three years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached, or the liability accrued, . . . . .

The case of *American Theatre Co. v. Glasmann*, 95 Utah 303, 80 P.2d 922 (1938)

is controlling here. In that case this Court held that the predecessor statute, Rev.St., 1933, 104–13–7, did not bar an action by a creditor of the corporation to recover assets from a shareholder to whom all of the assets of the corporation had been transferred. In that case this Court said:

> The Courts have rather uniformly held under statutes such as this that the sections refer to such liabilities as arise from or grow out of the fact of being a director or stockholder, a liability founded upon the fact of, or imposed because of, the relationship of being a stockholder or director.

Plaintiff does not seek to recover any penalty or forfeiture imposed or liability created by law on the individual defendants in their representative capacities as directors or stockholders of the corporation,[1] and we hold that the statute does not bar plaintiff's action on this point.

Whether some other statute of limitations or other defense may bar plaintiff's causes of action or any of them is not before us and we therefore venture as no opinion thereon.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

1. See also, *Campbell v. Clark*, 159 Cal.App.2d 439, 324 P.2d 55, 58 (1958).